UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

NAYA CALHOUN                                              CIVIL ACTION

VERSUS                                                    NO. 24-660-SDD-SDJ

CARMAX BUSINESS
SERVICES, LLC

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have **14 days** after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within **14 days** after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on July 15, 2025.

_____
SCOTT D. JOHNSON
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **NAYA CALHOUN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-660-SDD-SDJ** |
| **CARMAX BUSINESS SERVICES, LLC** | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is a Motion for Partial Summary Judgment filed by *pro se* Plaintiff Naya Calhoun on February 18, 2025 (R. Doc. 29). Defendant CarMax Business Services, LLC, d/b/a CarMax Auto Finance, filed an Opposition to this Motion on March 12, 2025 (R. Doc. 33). Shortly thereafter, on March 14, 2025, Plaintiff filed a Reply thereto (R. Doc. 34).

Having considered the Motion, briefs, and exhibits as well as applicable legal authorities, the Court finds that Plaintiff has failed to carry her burden to prove she is entitled to the relief sought in Counts One and Two of her Complaint. As such, Plaintiff is not entitled to summary judgment on either Count at issue here. It, therefore, is recommended that Plaintiff's Motion for Partial Summary Judgment be **denied**.

### I.    FACTUAL AND PROCEDURAL BACKGROUND[1]

On August 15, 2023, Plaintiff and Proofs Learning Academy LLC, as co-buyers, purchased a 2021 Jeep Grand Cherokee bearing Vehicle Identification Number 1C4RJKEG0M8118529 from CarMax Auto Superstores, Inc., in Baton Rouge, Louisiana.[2] The base purchase price of the

---

[1] Because the Parties' respective Statements of Undisputed Fact do not address the underlying facts of this case, the Court takes the following facts from Plaintiff's Complaint and Defendant's Opposition to Plaintiff's Motion for Partial Summary Judgment. These facts are not disputed by the Parties.
[2] R. Doc. 33 at 1.

vehicle was $57,998.00.[3]  Plaintiff and PLA entered into a Retail Installment Contract with CarMax Auto Superstores, Inc., which Contract was then assigned to Defendant.[4]  Plaintiff and PLA are past-due on their scheduled payments to Defendant.[5]

On August 13, 2024, Plaintiff filed suit in this Court against Defendant, bringing the following three Counts: (1) breach of contract pursuant to accord and satisfaction; (2) violation of the Uniform Commercial Code (UCC § 9-210); and (3) violation of the Truth in Lending Act.[6]  On September 25, 2024, Defendant filed its Answer to Plaintiff's Complaint as well as a Third-Party Complaint against PLA and a Counterclaim against Plaintiff, seeking payment of the outstanding amount of the loan and "recognition of CarMax's security interest over the Vehicle."[7]

Plaintiff initially filed a Motion for Summary Judgment against Defendant on December 5, 2024.[8]  Shortly thereafter, however, Plaintiff requested that it be withdrawn, which request the Court granted on December 30, 2024.[9]  Plaintiff then filed the instant Motion for Partial Summary Judgment on February 18, 2025, in which she requests summary judgment be granted only on Counts One and Two of her Complaint.[10]  Defendant filed its Opposition on March 12, 2025, and Plaintiff filed her Reply on March 14, 2025.[11]

## II.  LAW AND ANALYSIS

### A.  Summary Judgment Standard

Pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment

---

[3] *Id.*
[4] *Id.* at 1-2; R. Doc. 33-1 at 4, 7.
[5] *Id.* at 2.
[6] R. Doc. 1 at 9-11.
[7] R. Doc. 9 at 15 ¶ 11.
[8] R. Doc. 21.
[9] R. Docs. 24, 25.
[10] R. Doc. 29.
[11] R. Docs. 33, 34.

as a matter of law. Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A party moving for summary judgment must explain the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show that there is no genuine issue of material fact. *Celotex Corp.*, 477 U.S. at 323. Stated another way, "[i]f the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by showing that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim." *Garcia v. LVNV Funding LLC*, No. 08-514, 2009 WL 3079962, at *2 (W.D. Tex. Sep. 18, 2009). "If the moving party carries its burden of proof under Rule 56, the opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor." *Vanberge v. Haley*, No. 19-814, 2021 WL 400511, at *1 (M.D. La. Jan. 15, 2021) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)), *report and recommendation adopted*, 2021 WL 400537 (M.D. La. Feb. 4, 2021). The nonmoving party satisfies this burden "by submitting or referring to evidence, [which] set[s] out specific facts showing that a genuine issue exists." *Garcia*, 2009 WL 3079962, at *2.

This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Rather, Rule 56 requires that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp.*, 477 U.S. at 322. Summary judgment is appropriate in any case where the evidence is so weak or tenuous on essential facts that the evidence could not

support a judgment in favor of the non-moving party. *Little*, 37 F.3d at 1075. In resolving a motion for summary judgment, the court must review the facts and inferences in the light most favorable to the non-moving party and may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

### B.   Discussion

#### 1.   Plaintiff's Motion is Procedurally Defective

At the outset, the Court notes that Plaintiff's Motion fails to comply with this Court's Local Civil Rule 7(d). As plainly set forth in the Rule, "[a]ll contested motions must be accompanied by separate memoranda which must contain a concise statement of reasons supporting the motion and citations of authorities." This Rule applies to Plaintiff's contested Motion for Partial Summary Judgment. Plaintiff, however, has failed provide a separate memoranda in support, instead filing only the Motion itself.

In her Reply, Plaintiff argues, essentially, that because she complied with the requirement of Local Civil Rule 56(b) to provide a supporting statement of material facts with her Motion for Summary Judgment and because she included a "combined memorandum in support," she has "substantially" complied with all of this Court's procedural rules.[12] Such is not the case. Local Civil Rule 56(a) specifically alerts a party that "[i]n addition to the material required to be filed by Local Civil Rule 7(d), (f), & (g), a motion for summary judgment and opposition thereto shall comply with the requirements of this rule." Thus, this Court's Rule 56 makes clear that Plaintiff was required to file a separate memorandum in support of her contested Motion for Partial Summary Judgment. Because she failed to do so, the Court finds Plaintiff's Motion is procedurally

---

[12] R. Doc. 34 at 4.

inadequate and recommends it be denied as such. *See Beary v. Centene Corp.*, No. 20-9, 2022 WL 4793007, at *1 (M.D. La. Sep. 30, 2022) (granting motion for summary judgment in part because motion failed to comply with this Court's Local Rules); *NCO Fin. Sys., Inc. v. Harper-Horsley*, No. 07-4247, 2008 WL 2277843, at *3 (E.D. La. May 29, 2008) ("a pro se litigant is not 'exempt . . . from compliance with relevant rules of procedural and substantive law.'") (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)).

### 2. Plaintiff is Not Entitled to Summary Judgment on Counts One or Two

While the procedural defect of Plaintiff's Motion alone is a sufficient basis for recommending its denial, the Court, given Plaintiff's *pro se* status, turns now to the substantive arguments raised by Plaintiff in her Motion. However, as discussed below, Plaintiff is not entitled to summary judgment on either Counts One or Two of her Complaint.

#### a. Count One—Accord and Satisfaction

Count One of Plaintiff's Complaint is for breach of accord and satisfaction, in violation of La. R.S. 10:3-311 and UCC § 3-311.[13] As alleged by Plaintiff, " Defendant, 'CarMax' agents and employees failed to credit Plaintiff's account as 'Paid as Agreed and/or Paid in Full' after the receipt of payments being tendered in good faith for full satisfaction of all claims owed pursuant to accord and satisfaction."[14]

"The doctrine of accord and satisfaction estops a creditor from suing on a compromised debt." *Complete Med. Sys., L.L.C. v. Health Net Fed. Servs., L.L.C.*, 2013-0367 (La.App. 1 Cir. 11/1/13), 136 So.3d 807, 810. La. R.S. 10:3-311, which adopts UCC § 3-311 and governs "Accord and satisfaction by use of instrument," provides: "If a person against whom a claim is asserted proves that (i) that person in good faith tendered an instrument to the claimant as full satisfaction

---

[13] R. Doc. 1 at 9-10; R. Doc. 29 at 2-4.
[14] *Id.* at 9 ¶ 20.

of the claim, (ii) the amount of the claim was unliquidated or subject to a bona fide dispute, and (iii) the claimant obtained payment of the instrument," a debt is discharged if other noted requirements are met. La. R.S. 10:3-311(a). Stated another way, "[f]or there to be a valid accord and satisfaction of a debt or claim, there must be: (1) a disputed claim, (2) a tender of a check for less than the amount of the claim by the debtor, and (3) an acceptance of the tender by the creditor." *Complete Med. Sys.*, 136 So.3d at 810-11. "Essential to finding that a valid accord and satisfaction occurred is a showing that the creditor understood that the payment was tendered in full settlement of the dispute." *Id.* at 811. "Thus, an accord and satisfaction is not present if there is no evidence that the creditor was fully informed of the nature of the compromise offer by the debtor." *Id.* "The burden of proving these elements falls to the party seeking to enforce the accord and satisfaction." *Sallie Mae, Inc. v. James A. Harry, Inc.*, No. 05-1416, 2006 WL 220052, at *3 (E.D. La. Jan. 30, 2006).

In her Motion, Plaintiff asserts that "Defendant Carmax was formally notified in good faith that acceptance of the funds, without repayment within 90 days, would constitute full agreement of full satisfaction."[15] Per Plaintiff, she "tendered multiple U.S. Postal Money Orders in full satisfaction of the disputed debt, explicitly stating clear intent for the obligation to be canceled upon acceptance."[16] Because Defendant "accepted, endorsed, and deposited the payments" but "continued to attempt collection," it violated the accord and satisfaction agreement established via Plaintiff's money orders, entitling her to summary judgment on this Count.[17]

In support, Plaintiff provides correspondence sent to Defendant dated March 8, 2024, titled "Bona Fide Dispute Notice."[18] She also provides copies of two money orders sent by Plaintiff to

---

[15] R. Doc. 29 at 2.
[16] *Id.*
[17] *Id.*
[18] R. Doc. 29-3 at 2-3.

CarMax Auto Finance, one in the amount of $1,000.00 and the other in the amount of $306.75, both dated March 23, 2024, and containing language purporting to fully resolve her debt.[19] Plaintiff is not entitled to summary judgment on this issue.

First, Plaintiff has not provided sufficient evidence to prove that a bona fide dispute existed with regard to Plaintiff's debt. Simply sending a letter and titling it "Bona Fide Dispute Notice" does not in and of itself create the type of dispute required for an accord and satisfaction agreement. In fact, Plaintiff does not actually dispute the amount owed to Defendant in the letter; rather, she focuses primarily on alleging violations of the Truth in Lending Act. Plaintiff has not carried her burden of proof on this element.

Second, with regard to accord and satisfaction, the Fifth Circuit has recognized "the imperative of determining the mutual consent of the parties, an essential issue of fact." *Fischbach & Moore, Inc. v. Cajun Elec. Power Co-op., Inc.*, 799 F.2d 194, 198 (5th Cir. 1986). In fact, mutual consent "is 'an absolute requisite to the formation of a contract of accord and satisfaction.'" *Sallie Mae, Inc.*, 2006 WL 220052, at *3 (quoting *United States v. Bloom*, 112 F.3d 200, 206 (5th Cir. 1997)). Here, Plaintiff provides no evidence of Defendant's consent to enter into such an agreement. And, in his Declaration, Bobby Goins, Assistant Vice President for Defendant specifically attests to the contrary: "At no point did CarMax agree to accept any amount less than $60,577.32 as payment in full on the Contract."[20] As such, there exists a genuine issue of material fact, which precludes summary judgment on this issue. Because Plaintiff has not carried her burden of proof to show that an accord and satisfaction agreement was, in fact, ever confected, and

---

[19] R. Docs. 29-4 at 2, 29-5 at 2, 29-6 at 2, 29-7 at 2. On the front of the money orders, Plaintiff wrote: "Payment in full satisfaction, made on the condition that the obligation be cancelled on account # 51304311 Redeemed in lawful money on demand at the Treasury department of the US in the city of Washington, DC of any federal reserve bank." Plaintiff wrote on the back of the money orders: "By acknowledgement and endorsement of this draft the payee acknowledges full and final settlement of all sums owed to the payee by the payor on acct # 51304311."
[20] R. Doc. 33-1 at 3 ¶ 13.

because a genuine issue of material fact exists as to whether there was mutual consent of the Parties, the Court recommends that Plaintiff's request for summary judgment on Count One be denied.

### b.     Count Two—Violation of the Uniform Commercial Code

Count Two of Plaintiff's Complaint is for violation of the Uniform Commercial Code based on Defendant's alleged failure to comply with Plaintiff's request for a Statement of Account within the 14-day period allotted by the statute. More specifically, Plaintiff claims that on July 8, 2024, Defendant received a "Statement of Account request" from Plaintiff pursuant to UCC § 9-210(c) and La. R.S. 10:9-210.[21] Because Defendant failed to respond within 14 days, per Plaintiff, it relinquished any security interest it may have claimed in Plaintiff's vehicle.[22] Plaintiff also is not entitled to summary judgment on this Count.

In her Motion, Plaintiff fails to identify the elements of a claim for relief pursuant to La. R.S. 10:9-210. In addition, while Plaintiff has provided two letters sent to Defendant in which she invokes UCC § 9-210, she has not shown that they were sufficient, proper requests so as to trigger any relief this provision may afford.[23] In one, for example, she specifically references UCC § 9-210(e) which pertains specifically to when a person receiving a request for accounting has no interest in the obligation claimed.[24] That provision is not applicable here, as Defendant nowhere has disclaimed an interest in Plaintiff's obligation. Finally, Plaintiff has failed to cite any evidence or case law indicating that the relief being sought by Plaintiff is, in fact, available to her, much less that she is entitled to same. Rather, she makes only legal conclusions, which are impermissible here, as "ultimate or conclusory facts and conclusions of law cannot be utilized on a summary-

---

[21] R. Doc. 29-2 at 3.
[22] *Id.*
[23] *See* R. Doc. 1-8 at 4-5, R. Doc. 1-10 at 2-3.
[24] R. Doc. 1-10 at 2.

judgment motion." *Cutting Underwater Techs. USA, Inc. v. Eni U.S. Operating Co.*, 671 F.3d 512, 515 (5th Cir. 2012) (citations and modification omitted).

A "court is not required to search for or try to create causes of actions or find material issues of fact for *pro se* plaintiffs." *Kiper v. Ascension Parish Sch. Bd.*, No. 14-313, 2015 WL 2451998, at *1 (M.D. La. May 21, 2015). In addition, "[w]hile much liberality is allowed in construing *pro se* complaints, a *pro se* litigant cannot simply dump a stack of exhibits on the court and expect the court to sift through them to determine if some nugget is buried somewhere in that mountain of papers, waiting to be unearthed and refined into a cognizable claim." *Richardson v. United Wholesale Mortgage, LLC*, No. 24-276, 2024 WL 5264095, at *5 n. 24 (M.D. La. Dec. 31, 2024) (quoting *Samtani v. City of Laredo*, 274 F.Supp.3d 695, 698 (S.D. Tex. 2017)). Because Plaintiff has not carried her burden to prove that she is entitled to relief pursuant to La. R.S. 10:9-210, the Court recommends that Plaintiff's request for summary judgment on Count Two also be denied.

### III. CONCLUSION AND RECOMMENDATION

For the reasons set forth above,

**IT IS RECOMMENDED** that the Motion for Partial Summary Judgment (R. Doc. 29) filed by Plaintiff, Naya Calhoun, be **DENIED**.

Signed in Baton Rouge, Louisiana, on July 15, 2025.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**