**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**


**NAYA CALHOUN**                                          **CIVIL ACTION**

**VERSUS**                                                **NO. 24-660-SDD-SDJ**

**CARMAX BUSINESS**
**SERVICES, LLC**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have **14 days** after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within **14 days** after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on May 26, 2026.


_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

**NAYA CALHOUN**                                      **CIVIL ACTION**

**VERSUS**                                                 **NO. 24-660-SDD-SDJ**

**CARMAX BUSINESS**
**SERVICES, LLC**

---

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court are the following Motions: (1) a Motion for Partial Summary Judgment filed by Defendant CarMax Business Services, LLC, d/b/a CarMax Auto Finance (R. Doc. 52); (2) a Motion for Default Judgment against Proofs Learning Academy LLC, also filed by Defendant (R. Doc. 56); and (3) a Rule 12(c) Motion for Judgment on the Pleadings filed by *pro se* Plaintiff Naya Calhoun (R. Doc. 60). Defendant's Motion for Partial Summary Judgment is opposed (R. Doc. 53), with Defendant filing a Reply in Support (R. Doc. 54) in response. Plaintiff filed a response to Defendant's Motion for Default Judgment (R. Doc. 57). And, Defendant filed an Opposition to Plaintiff's Motion for Judgment on the Pleadings (R. Doc. 62), to which Opposition Plaintiff filed a Reply in Support (R. Doc. 63).

Having considered the Motions, briefs, and exhibits as well as applicable legal authorities, the Court finds that Defendant is entitled to summary judgment on Plaintiff's claims and its Counterclaim, that Defendant also is entitled to a default judgment against Third-Party Defendant Proofs Learning Academy LLC, and that Plaintiff has failed to show that she is entitled to judgment in her favor based on the pleadings. As such, it is recommended that Defendant's Motion for Partial Summary Judgment be **granted**, that Defendant's Motion for Default Judgment be **granted**, and that Plaintiff's Motion for Judgment on the Pleadings be **denied**.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

On August 15, 2023, Plaintiff and Proofs Learning Academy LLC, as co-buyers, purchased a 2021 Jeep Grand Cherokee bearing Vehicle Identification Number 1C4RJKEG0M8118529 from CarMax Auto Superstores, Inc., in Baton Rouge, Louisiana.[1]  The base purchase price of the vehicle was $57,998.00.[2]  Plaintiff and PLA entered into a Retail Installment Contract with CarMax Auto Superstores, Inc., which Contract was then assigned to Defendant.[3]  Plaintiff and PLA are past-due on their scheduled payments to Defendant.[4]

On August 13, 2024, Plaintiff filed suit in this Court against Defendant, bringing the following three Counts: (1) breach of contract pursuant to accord and satisfaction; (2) violation of the Uniform Commercial Code (UCC § 9-210); and (3) violation of the Truth in Lending Act.[5]  On September 25, 2024, Defendant filed its Answer to Plaintiff's Complaint as well as a Third-Party Complaint against PLA and a Counterclaim against Plaintiff, seeking payment of the outstanding amount of the loan and "recognition of CarMax's security interest over the Vehicle."[6]

Plaintiff initially filed a Motion for Summary Judgment against Defendant on December 5, 2024.[7]  Shortly thereafter, however, Plaintiff requested that it be withdrawn, which request the Court granted on December 30, 2024.[8]  Plaintiff then filed a subsequent Motion for Partial Summary Judgment on February 18, 2025, in which she requested summary judgment be granted

---

[1] R. Doc. 52-1 at 1.
[2] *Id.*
[3] *Id.* at 1-2; R. Doc. 52-2 at 6.
[4] *Id.* at 2; R. Doc. 52-2 at 7-10.
[5] R. Doc. 1 at 9-11.
[6] R. Doc. 9 at 15 ¶ 11.
[7] R. Doc. 21.
[8] R. Docs. 24, 25.

only on Counts One and Two of her Complaint.[9]  The Court denied Plaintiff's Motion on August 7, 2025.[10]

On September 19, 2026, Defendant filed the instant Motion for Partial Summary Judgment.[11]  Plaintiff filed her Opposition on October 1, 2025, after which Defendant filed its Reply on October 16, 2025.[12]  Defendant then filed its Motion for Default Judgment against PLA on November 28, 2025, in response to which Plaintiff filed an Objection to Defendant's Request for Clerk's Entry of Default on December 3, 2025.[13]  On February 4, 2026, Plaintiff filed her Rule 12(c) Motion for Judgment on the Pleadings, to which Defendant filed its Opposition on February 25, 2026.[14]  Plaintiff then filed her Reply in Support on February 27, 2026.[15]

## II.    LAW AND ANALYSIS

### A.    Standard for Pro Se Litigant

At the outset, the Court acknowledges that Plaintiff is proceeding in this litigation *pro se*. *Pro se* pleadings are to be held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also S.E.C. v. AMX, Int'l, Inc.*, 7 F.3d 71, 75 (5th Cir. 1993) (recognizing the established rule that this court "must construe [a *pro se* plaintiff's] allegations and briefs more permissively").  Further, a court must liberally construe a *pro se* complaint, taking all well-pleaded allegations as true.  *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993) (per curiam).  Nevertheless, "a *pro se* litigant is not 'exempt . . . from compliance with relevant rules of procedural and substantive law.'"  *NCO Fin. Systems, Inc. v. Harper–Horsley*, No. 07–4247, 2008 WL 2277843, at *3 (E.D. La. May 29, 2008) (quoting *Birl v. Estelle*,

---

[9] R. Doc. 29.
[10] R. Docs. 42, 45.
[11] R. Doc. 52.
[12] R. Docs. 53, 54.
[13] R. Docs. 56, 57.
[14] R. Docs. 60, 62.
[15] R. Doc. 63.

660 F.2d 592, 593 (5th Cir. 1981)).  As such, a *pro se* plaintiff's complaint "must set forth facts giving rise to a claim on which relief may be granted." *Johnson,* 999 F.2d at 100 (citation omitted).

Additionally, "[a] liberal reading of plaintiff's pleadings is the only special treatment afforded *pro se* plaintiffs by the courts." *Kiper v. Ascension Parish Sch. Bd.*, No. 14-313, 2015 WL 2451998, at *1 (M.D. La. May 21, 2015) (citing *Callahan v. C.I.R.*, No. 99-295, 2000 WL 1141607, at *1 (M.D. La. Apr. 10, 2000)).  A "court is not required to search for or try to create causes of actions or find material issues of fact for *pro se* plaintiffs." *Id.*  And "[a] *pro se* litigant is not entitled to greater rights than would be a litigant represented by a lawyer." *NCO Fin. Systems*, 2008 WL 2277843, at *3 (quoting *Birl*, 660 F.2d at 593).  Finally, "[w]hile much liberality is allowed in construing *pro se* complaints, a *pro se* litigant cannot simply dump a stack of exhibits on the court and expect the court to sift through them to determine if some nugget is buried somewhere in that mountain of papers, waiting to be unearthed and refined into a cognizable claim." *Richardson v. United Wholesale Mortgage, LLC*, No. 24-276, 2024 WL 5264095, at *5  n. 24 (M.D. La. Dec. 31, 2024) (quoting *Samtani v. City of Laredo*, 274 F. Supp. 3d 695, 698 (S.D. Tex. 2017)).

### B.    Defendant's Motion for Partial Summary Judgment

#### 1.    Summary Judgment Standard

Pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  A party moving for summary judgment must explain the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show that there is no genuine issue of material fact.  *Celotex Corp.*, 477 U.S.

at 323. "If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by showing that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim." *Garcia v. LVNV Funding LLC*, No. 08-514, 2009 WL 3079962, at *2 (W.D. Tex. Sep. 18, 2009). "If the moving party carries its burden of proof under Rule 56, the opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor." *Vanberge v. Haley*, No. 19-814, 2021 WL 400511, at *1 (M.D. La. Jan. 15, 2021), *report and recommendation adopted*, 2021 WL 400537 (M.D. La. Feb. 4, 2021) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The nonmoving party satisfies this burden "by submitting or referring to evidence, [which] set[s] out specific facts showing that a genuine issue exists." *Garcia*, 2009 WL 3079962, at *2.

This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Rather, Rule 56 requires that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp.*, 477 U.S. at 322. In resolving a motion for summary judgment, the court must review the facts and inferences in the light most favorable to the non-moving party and may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

### 2. Defendant's Statement of Undisputed Material Facts is Deemed Admitted

Local Civil Rule 56(c), provides, in pertinent part:

> A party opposing a motion for summary judgment shall submit with its opposition a separate, short, and concise statement of material facts. The opposing statement shall admit, deny or qualify the facts by reference to each numbered paragraph of the moving party's statement of material facts and unless a fact is admitted, shall support each denial or qualification by a record citation as required by this rule. Each such statement shall begin with the designation "Admitted," "Denied," or "Qualified" and, in the case of an admission, shall end with such designation.

Here, while Plaintiff filed an Opposition, she did not file a Statement of Facts. As such, she did not comply with either Local Civil Rule 56(c), requiring the responding party to "admit, deny, or qualify the facts by reference to each numbered paragraph of the moving party's statement of material facts," or Local Civil Rule 56(f), which requires "assertion[s] of fact set forth in a statement of material facts [to] be followed by a citation to the specific page or paragraph of identified record material supporting the assertion." Accordingly, Defendant's Statement of Undisputed Material Facts is deemed admitted under Local Civil Rule 56(f) because the facts are properly supported by record citations.[16] *See Reams v. Nielsen*, No. 18-389, 2021 WL 1085309, at *2 (M.D. La. Mar. 3, 2021) (deeming defendant's Statement of Undisputed Material Facts admitted under Local Civil Rule 56(f) because it is properly supported by record citations, given that plaintiff did not file a proper statement of contested facts).

### 3.    Discussion

#### a.    Count One—Breach of Contract Pursuant to Accord and Satisfaction

Count One of Plaintiff's Complaint is for breach of accord and satisfaction, in violation of UCC §§ 3-311 and 3-603 and La. R.S. 10:3-311.[17] As alleged by Plaintiff in her Complaint,

---

[16] Local Civil 56(f) states, in part: "Facts contained in a supporting or opposing statement of material facts, if supported by record citations as required by this rule, shall be deemed admitted unless properly controverted. An assertion of fact set forth in a statement of material facts shall be followed by a citation to the specific page or paragraph of identified record material supporting the assertion. The court may disregard any statement of fact not supported by a specific citation to record material properly considered on summary judgment."

[17] R. Doc. 1 at 9-10; R. Doc. 53 at 1-5. The Court notes that Plaintiff, in her Rule 12(c) Motion for Judgment on the Pleadings, repeatedly refers to Louisiana Civil Code art. 3079 in support of her accord and satisfaction argument.

"Defendant, 'CarMax' agents and employees failed to credit Plaintiff's account as 'Paid as Agreed and/or Paid in Full' after the receipt of payments being tendered in good faith for full satisfaction of all claims owed pursuant to accord and satisfaction."[18]  Defendant, in its Motion for Summary Judgment, counters that Plaintiff's claim "is frivolous and amounts to nothing more than a 'get out of debt free' scheme."[19]

"The doctrine of accord and satisfaction estops a creditor from suing on a compromised debt." *Complete Med. Sys., L.L.C. v. Health Net Fed. Servs., L.L.C.*, 2013-0367 (La.App. 1 Cir. 11/1/13), 136 So.3d 807, 810.  Both La. R.S. 10:3-311 and UCC § 3-311, governing "accord and satisfaction by use of instrument," provide: "If a person against whom a claim is asserted proves that (i) that person in good faith tendered an instrument to the claimant as full satisfaction of the claim, (ii) the amount of the claim was unliquidated or subject to a bona fide dispute, and (iii) the claimant obtained payment of the instrument," a debt is discharged if other noted requirements are met.  La. R.S. 10:3-311(a); UCC § 3-311(a).   Stated another way, "[f]or there to be a valid accord and satisfaction of a debt or claim, there must be: (1) a disputed claim, (2) a tender of a check for less than the amount of the claim by the debtor, and (3) an acceptance of the tender by the creditor." *Complete Med. Sys.*, 136 So.3d at 810-11.  "Essential to finding that a valid accord and satisfaction occurred is a showing that the creditor understood that the payment was tendered in full settlement of the dispute." *Id.* at 811.  "Thus, an accord and satisfaction is not present if there is no evidence that the creditor was fully informed of the nature of the compromise offer by the debtor." *Id.*  "The burden of proving these elements falls to the party seeking to enforce the accord and satisfaction."

---

However, said statute is not referenced in her Complaint or Opposition to Defendant's Motion for Summary Judgment. As such, the Court will not consider it further here.  However, the Court notes that even had it been considered, the recommendation of the Court would remain the same.

[18] R. Doc. 1 at 9 ¶ 20.

[19] R. Doc. 52-1 at 5.

*Sallie Mae, Inc. v. James A. Harry, Inc.*, No. 05-1416, 2006 WL 220052, at *3 (E.D. La. Jan. 30, 2006).

Here, Plaintiff, on March 8, 2024, sent Defendant a letter titled "Bona Fide Dispute Notice."[20]  Shortly thereafter, on March 23, 2024, Plaintiff sent two Postal Money Orders, one for $1,000 and one for $306.75, to CarMax Auto Finance.[21]  On the front of the Money Orders is written: "Payment in full satisfaction, made on the condition that the obligation be cancelled on account # 51304311 redeemed in lawful money on demand at the Treasury department of the US in the city of Washington, DC or any federal reserve bank."[22]  Plaintiff wrote on the back of the Money Orders: "By acknowledgement and endorsement of this draft the payee acknowledges full and final settlement of all sums owed to the payee by the payor on account # 51304311."[23]

Plaintiff cannot establish that there was a disputed claim.  Plaintiff's "Bona Fide Dispute Notice" does not actually dispute the amount owed to Defendant.  Rather, Plaintiff, in the letter, focuses primarily on alleging violations of the Truth in Lending Act and claims that the documented "finance charge" in the contract was incorrect.  Simply sending a letter and titling it "Bona Fide Dispute Notice" does not in and of itself create the type of dispute required for an accord and satisfaction agreement.

Moreover, with regard to accord and satisfaction, the Fifth Circuit has recognized "the imperative of determining the mutual consent of the parties."  *Fischbach & Moore, Inc. v. Cajun Elec. Power Co-op., Inc.*, 799 F.2d 194, 198 (5th Cir. 1986).  In fact, mutual consent "is 'an absolute requisite to the formation of a contract of accord and satisfaction.'"  *Sallie Mae, Inc.*, 2006 WL 220052, at *3 (quoting *United States v. Bloom*, 112 F.3d 200, 206 (5th Cir. 1997)).  Here,

---

[20] R. Doc. 29-3 at 2-3.
[21] R. Docs. 29-4 at 2, 29-6 at 2.
[22] R. Docs. 29-4 at 2, 29-6 at 2.
[23] R. Docs. 29-5 at 2, 29-7 at 2.

Defendant did not consent to enter into such an agreement. In its Statement of Undisputed Facts, which have been deemed admitted, Defendant states that "[a]t no point did CarMax agree to accept any amount less than $60,577.32 as payment in full on the Contract."[24] In support, Defendant references the Declaration of Bobby Goins, Assistant Vice President for Defendant, who specifically attested the same: "At no point did CarMax agree to accept any amount less than $60,577.32 as payment in full on the Contract."[25] All evidence indicates that Defendant did not consent to enter into an accord and satisfaction agreement with Plaintiff.[26]

As such, Defendant has carried its burden of proof to show that Plaintiff cannot prove an essential element of her claim, *i.e.*, that no accord and satisfaction agreement was ever confected as there was no mutual consent of the Parties. Plaintiff's claim for breach of contract pursuant to accord and satisfaction must fail. *See Lamb v. Emhart Corp.*, 47 F.3d 551, 561 (2d Cir. 1995) ("In order to prove an accord and satisfaction, the defendant must show at the time of the agreement a good faith dispute existed over the existence of a debt or over an amount owed, and that the debtor and creditor negotiated a contract of accord to settle the claim."); *Vega v. Gateway Bank F.S.B.*, No. 24-8000, 2025 WL 4664798, at *10 (E.D.N.Y. Dec. 31, 2025) (absent a showing of a prior agreement wherein defendant contracted its acceptance of plaintiff's money orders to satisfy a bona fide dispute between the parties, plaintiff's claim for accord and satisfaction fails). The

---

[24] R. Doc. 52-3 at 2 ¶ 10.

[25] R. Doc. 33-1 at 3 ¶ 13.

[26] The Court recognizes that, in a prior ruling on Plaintiff's Motion for Partial Summary Judgment, the Court, on this same issue, previously found that, as Plaintiff had provided no evidence of Defendant's consent to enter into an accord and satisfaction agreement, and Defendant had provided the same Declaration to the contrary, as referenced here, the Court declined to grant summary judgment to Plaintiff on the issue because a genuine issue of material fact existed. The Court phrased its finding that way because Plaintiff, who then had the burden of proof, had failed to prove there was no issue of material fact. Here, however, Defendant has the burden of proof, and the Court finds that it has carried said burden and no genuine issue of material fact exists; thus, Plaintiff is unable to prove an essential element of her claim.

Court, therefore, recommends that Defendant's request for summary judgment on Count One be granted.[27]

### b.    Count Two—Violation of the Uniform Commercial Code

Count Two of Plaintiff's Complaint is for violation of the Uniform Commercial Code based on Defendant's alleged failure to comply with Plaintiff's request for a Statement of Account within the 14-day period allotted by the statute.[28]  Per Plaintiff, Defendant failed to comply with a request for a statement of account contained in a July 5, 2024 "Notice of  Billing Error & Statement of Account Request" and "Request Regarding a Statement of Account."[29]  Plaintiff also claims that "Defendant engaged in unfair and deceptive practices by failing to provide clear disclosures of UCC 9-210 and by not properly crediting payments made by Plaintiff."[30]  Defendant also is entitled to summary judgment on this Count.

In its Motion, Defendant argues that, on their face, neither letter was sufficient to trigger an obligation for Defendant to respond.[31]  The Court agrees.  Plaintiff's correspondence is predicated on Plaintiff's two money orders, referenced above, eliminating the remainder of her debt based on accord and satisfaction.  However, the Court has determined that Plaintiff's claim for accord and satisfaction is without merit.  A request for a statement of account pursuant to UCC 9-210 cannot provide additional relief when the basis for the request—that the debt was eliminated due to accord and satisfaction—has been soundly rejected.

In addition, the available remedies under UCC 9-210  require either that the creditor failed to act "without reasonable cause" or that the debtor was "reasonably misled by the failure."  UCC

---

[27] The Court notes that Defendant, in its Motion, also argues that Plaintiff's claim for accord and satisfaction is barred by the Louisiana Credit Agreement Statute.  However, because the Court is granting Defendant summary judgment on Plaintiff's claim for accord and satisfaction on other grounds, it need not further address this argument.

[28] R. Doc. 1 at 10-11.

[29] R. Doc. 1-8 at 2-5.

[30] R. Doc. 1 at 11 ¶ 24.

[31] R. Doc. 52-1 at 11.

9-625 (f)-(g).  Neither is present here.  Plaintiff's attempt to eliminate a debt for which she willingly contracted by simply writing specific language on a money order for significantly less than the amount owed is not reasonable, and no action by Defendant reasonably misled Plaintiff. As this Court has previously stated, if this were possible, no loans would ever be made.  *See Richardson*, 2024 WL 5264095, at *4.

Moreover, Plaintiff, in her Opposition, did not even respond to Defendant's argument for summary judgment as to her UCC claims.  As such, it is unopposed.  The Court has already undertaken a prior analysis of Plaintiff's claim under UCC 9-210.[32]  There, the Court found that Plaintiff failed to support her claim.  Here, again, Plaintiff offers neither evidence or argument in support of her claim for relief under UCC 9-210.  The Court recommends that Defendant's request for summary judgment on Count Two also be granted.

### c.    Count Three—Truth in Lending Act

In Count Three, Plaintiff claims that Defendant violated the Truth in Lending Act[33]

> because Finance charge [in the Retail Installment Contract] was incorrect as 15 USC Code § 1605 defines finance charge as the sum of all charges—interest, service charges, transaction fees.  The $29,391.01 contradicts when it should have been $89,406.00.  Given 15 U.S. Code § 1640, this discrepancy makes defendant accountable for double the sum . . .

Plaintiff's claim is without merit.

15 USC § 1605(a) defines the term "finance charge" as "the sum of all charges, payable directly or indirectly by the person to whom the credit is extended, and imposed directly or indirectly by the creditor as an incident to the extension of credit" and "does not include charges of a type payable in a comparable cash transaction."  The Retail Installment Contract sets forth the following amounts: finance charge of $29,391.01; amount financed of $60,014.99; total of

---

[32] R. Doc. 42 at 9-10
[33] R. Doc. 1 at 11 ¶ 27.

payments of $89,406.00; and total sale price, including $4,287.31 downpayment, of $93,693.31.[34]

Plaintiff claims that Defendant violated the UCC by not listing the finance charge amount as the total of payments.  This is nonsensical.

First, 15 USC § 1605(a) specifically states that a finance charge consists only of the charges imposed by a creditor "incident to the extension of credit."  Thus, here, it is the amount added to the price of the vehicle being charged by Defendant for lending Plaintiff funds.  The statute even explains that finance charges do not include charges included in cash sales; they are only the charges associated with financing the purchase.  Thus, Plaintiff's argument that the finance charge should be $89,406.00, the total of all payments, is incorrect and a misinterpretation of 15 USC § 1605(a).  As stated by Defendant in its Motion, Plaintiff "misunderstands which 'box' the credit cost ($29,391.01) should be in," and "[m]isreading the disclosure statement does not make it defective."[35]  The Court agrees.

Second, Defendant argues that there is no liability under TILA for an assignee, like Defendant, unless the violation "is apparent on the face of the disclosure statement."  15 U.S.C. § 1641(a).  Here, the amounts owed are clearly set forth and identified on the first page of the Retail Installment Contract.[36]  As such, there is no violation apparent on the face of the disclosure statement.  Moreover, Plaintiff does not address this argument by Defendant in her Opposition, meaning Plaintiff nowhere argues that any alleged misrepresentation or other violation was apparent.  Defendant, therefore, is entitled to summary judgment on this claim.  *See Brister v. All Star Chevrolet, Inc.*, 986 F.Supp. 1003, 1009 (E.D. La. 1997) (granting summary judgment for defendant where "plaintiffs fundamentally fail to show any disclosure violations there were

---

[34] R. Doc. 52-2 at 3.
[35] R. Doc. 52-1 at 14.
[36] *See* R. Doc. 52-2 at 3.

'apparent' on the face of the disclosure statement or other documents assigned").

### d.    Defendant's Counterclaim

In its Motion, Defendant also seeks an award of "all remedies sought through its Counterclaim."[37]  Defendant's Counterclaim seeks to hold Plaintiff in default on her contract; for an award of $60,577.32, plus interest and fees; for attorney's fees; and for recognition of Defendant's security interest over the vehicle in question.[38]  Plaintiff, in her Opposition, does not respond to Defendant's Counterclaim or otherwise challenge these claims by Defendant.  These, too, are considered unopposed.

Defendant has established through uncontested summary judgment evidence—including an admitted Statement of Undisputed Facts, sworn declaration, the contract between the Parties, and other supporting documents—that there was an agreement between Plaintiff and Defendant via the Retail Installment Contract; that Plaintiff failed to make payments as agreed to in the contract, thereby defaulting on said contract; and that the outstanding balance owed on the contract is $60,577.32.[39]  Based on this record, the Court finds that granting summary judgment to Defendant on its Counterclaim is appropriate and an amount of $60,577.32 should be awarded to Defendant.[40]

However, the Court declines to recommend a specific award of attorney's fees at this time.  In their Statement of Undisputed Facts, Defendant states that it "is entitled to reimbursement of attorney's fees of no less than 25% of the total amount due and payable under the Contract incurred in collecting on the outstanding balance."[41]  Defendant's Counterclaim

---

[37] R. Doc. 52 at 1.
[38] R. Doc. 9 at 15.
[39] R. Docs. 52-2, 52-3.
[40] The Court acknowledges Defendant's additional request for fees and interest on this amount, but as no evidence supporting specific amounts of either have been provided, they are not included in this recommendation.
[41] R. Doc. 52-3 at 2 ¶ 8.

contains this same wording.  But the provision in the Retail Installment Contract instead states that "attorney fees will not exceed 25% of the total amount payable under this Contract."[42]  This discrepancy gives the Court pause, as the requested amount asks for no less than 25%, meaning that is the base amount, while the contract provides for a cap, or no more than, 25%.  In addition, Defendant provides no evidence of attorney's fees.  As such, the Court does not have any idea how much Defendant has expended on attorney's fess that could be recoverable under the Retail Installment Contract.  Having not received sufficient evidence, the Court will not recommend an award of attorney's fees at this time.

### C.     Defendant's Motion for Default Judgment

#### 1.     Default Judgment Standard

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).  Once default has been entered, the court may enter a default judgment against the defaulting defendant upon motion by the plaintiff. Fed. R. Civ. P. 55(b); *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996).  "In considering a motion for default judgment, the court accepts as true the well-pleaded allegations of facts in the complaint (except regarding damages) but must determine whether those facts state a claim upon which relief may be granted." *BSG Clearing Sols. N. Am., LLC v. V&T Commc'ns, LLC*, No. 17-1093, 2018 WL 4677906, at *2 (W.D. Tex. Aug. 3, 2018).  Thus, for a plaintiff to obtain a default judgment, "[t]here must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975); *see also Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) ( A "party is not entitled to a default judgment as a matter of right,

---

[42] R. Doc. 52-2 at 4.

even where the defendant is technically in default.") (quoting *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996)). A defaulting party is deemed to have admitted all well-pleaded allegations of the complaint. *Matter of Dierschke*, 975 F.2d 181, 185 (5th Cir. 1992).

Once a clerk has entered default against a defendant, and a plaintiff seeks a default judgment against that defendant, a court employs a two-part analysis to determine whether a default judgment should be entered against a defendant. *J&J Sports Prods., Inc. v. KCK Holdings, LLC*, No. 14-269, 2015 WL 4656714, at *3 (M.D. La. Aug. 5, 2015) (citing *Taylor v. City of Baton Rouge*, 39 F.Supp.3d 807, 813 (M.D. La. 2014); *U.S. v. Chauncey*, No. 14-32, 2015 WL 403130, at *1 (M.D. La. Jan. 28, 2015)). "First, the court must consider whether the entry of default judgment is appropriate under the circumstances." *Id.* "The factors relevant to this inquiry include: (1) whether material issues of fact are at issue; (2) whether there has been substantial prejudice; (3) whether the grounds for default are clearly established; (4) whether the default was caused by good faith mistake or excusable neglect; (5) the harshness of a default judgment; and (6) whether the court would think itself obliged to set aside the default on the defendant's motion." *Id.* (citing *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998)). "Second, the court must assess the merits of the plaintiff's claims and find sufficient basis in the pleadings for the judgment." *Id.*

### 2.    Discussion

As stated above, Plaintiff and PLA, as co-buyers, purchased the vehicle at issue here. On September 25, 2024, Defendant filed a Third-Party Complaint against PLA. PLA was served with Defendant's Third-Party Complaint and Summons on November 5, 2024.[43] When no Answer or other response was filed by PLA, Defendant filed a Motion for Clerk's Entry of

---

[43] R. Doc. 56-1 at 3; R. Doc. 17.

Default as to PLA, and an Entry of Default as to PLA was granted on December 2, 2024.[44]  Soon thereafter, on December 18, 2024, during a show cause hearing, the undersigned explained to Plaintiff that she cannot represent the interests of PLA because she is not a licensed attorney.[45] *See WeGrow AG LLC v. Mavco Energy, LLC*, No. 23-922, 2024 WL 5036560, at *1 (W.D. Tex. Sep. 12, 2024) ("[I]n federal court, corporate entities, including limited liability companies . . ., are not permitted to proceed *pro se*.").  The Court strongly encouraged Plaintiff to hire an attorney to represent PLA in this matter.[46]  However, no such attorney was ever retained, and PLA remains unrepresented.

Here, the Court finds that entry of default judgment is appropriate under the circumstances.  As explained above, there are no material issues of fact.  There also has not been substantial prejudice; Plaintiff, who instigated this litigation, has been on notice for over a year that default had been entered against PLA and that she needed to retain counsel to represent PLA. No action, however, was taken.  The grounds for default have been clearly established and, given the length of time Plaintiff has been on notice and the specific admonition of the Court, both orally and in writing,[47] the default was not caused by good faith mistake or excusable neglect. Additionally, a default judgment in this situation is not harsh.  PLA and Plaintiff jointly purchased the vehicle at issue here, and the grant of only a single award of damages against them is being recommended. And, the Court in no way thinks itself obliged to set aside the default.

Further, the Court finds the merits of Defendant/Third-Party Plaintiff's pleadings present a sufficient basis for the judgment.  It is not disputed that Plaintiff and PLA willingly entered into a Retail Installment Contract with Defendant and that they defaulted on their payments.  As

---

[44] R. Docs. 18, 19.
[45] R. Doc. 23 at 1.
[46] *Id.*
[47] *See id.*

explained above, Plaintiff's accord and satisfaction argument is without merit, meaning she and PLA are responsible to Defendant for the remaining amounts as set forth in the Retail Installment Contract.

Finally, the Court finds that Defendant's Motion is unopposed.  In response to Defendant's Motion, Plaintiff filed an "Objection to Defendant's Request for Clerk's Entry of Default" on December 3, 2025.[48]  However, Defendant's request for an entry of default by the Clerk was made, and granted, on December 2 and 3, 2024, respectively.[49]  Plaintiff's objection, therefore, is one year too late.  And, it does not address the Motion for Entry of Default Judgment, meaning that Motion by Defendant technically is unopposed.  Based on the foregoing, the Court finds that Defendant's Motion for Default Judgment should be granted.  However, as an award of damages for the outstanding balance of Plaintiff's loan has already been recommended, the Court finds that a further award of damages against PLA only is not warranted here.

**D.     Plaintiff's Rule 12(c) Motion for Judgment on the Pleadings**

**1.     Rule 12(c) Standard**

In its Motion for Judgment on the Pleadings, Plaintiff seeks relief pursuant to Federal Rule of Civil Procedure 12(c).  "A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6)." *Adams v. Southland Trace, LLC*, Nos. 07-869, 07-941, 2013 WL 12227574, at *1 (M.D. La. Mar. 28, 2013) (quoting *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)).  "The central issue remains the same in either motion—'whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief.'" *Id.* (quoting *Hughes v. The Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir. 2001)).

---

[48] R. Doc. 57.
[49] R. Docs. 18, 19.

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant can seek dismissal of a complaint, or any part thereof, for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). "To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Shiell v. Jones*, No. 19-848, 2020 WL 2331637, at *10 (E.D. La. May 11, 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (internal quotations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Shiell*, 2020 WL 2331637, at * 10 (quoting *Iqbal*, 556 U.S. at 679).

A court must accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012) (citing *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)). "Dismissal is appropriate when the complaint on its face shows a bar to relief." *Shiell*, 2020 WL 2331637, at * 10 (quoting *Cutrer v. McMillan*, 308 F. App'x. 819, 820 (5th Cir. 2009)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. A court does not assume the truth of conclusory statements, but rather looks for facts which support the elements of the pleader's claim. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007).

##### 2.    Discussion

In her 12(c) Motion, Plaintiff argues that Defendant "continues to pursue claims against Plaintiff that have already been extinguished by accord and satisfaction" and that "Defendant

lacks standing to pursue the underlying debt because the obligation was formally disputed and discharged by statutory compromise."[50]  However, as set forth in detail above, Plaintiff's claims are without merit, and Defendant is being granted summary judgment as to all of them.  As such, no claims remain for which Plaintiff may be granted judgment on the pleadings.  This Motion, therefore, is denied.

### III.    CONCLUSION AND RECOMMENDATION

For the reasons set forth above,

**IT IS RECOMMENDED** that the Motion for Partial Summary Judgment (R. Doc. 52) filed by Defendant CarMax Business Services, LLC, be **GRANTED** and that Plaintiff be ordered to pay Defendant the amount of $60,577.32.

**IT IS FURTHER RECOMMENDED** that the Motion for Entry of Default Judgment (R. Doc. 56) filed by Defendant, CarMax Business Services, LLC, be **GRANTED**, and that PLA be held jointly liable with Naya Calhoun in the amount of $60,577.32.

**IT IS FURTHER RECOMMENDED** that CarMax's security interest over the Vehicle be recognized.

**IT IS FURTHER RECOMMENDED** that Plaintiff's Rule 12(c) Motion for Judgment on the Pleadings (R. Doc. 60) be **DENIED**.

Signed in Baton Rouge, Louisiana, on May 26, 2026.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[50] R. Doc. 60-1 at 1.